ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (310) 443-4139
Facsimile:  (310) 943-2255

Attorneys for Plaintiff
KYLE BRITTON

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE BRITTON, | Case No:  5:17-CV-7070-LHK |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| ABC LEGAL SERVICES, INC., MIDLAND FUNDING LLC, and HUNT & HENRIQUES, a law partnership, | |
| Defendants. | |

Plaintiff Kyle Britton hereby complains against defendants ABC Legal Services, Inc. ("ABC"), Midland Funding LLC ("Midland"), and Hunt & Henriques, a law partnership ("Hunt & Henriques"), and alleges on information and belief as follows:

**OPERATIVE FACTS**

1.      Defendant Midland is a debt collection agency, and acquired a defaulted credit card debt of plaintiff's, which was originally owing to HSBC Bank Nevada, N.A.  Plaintiff's credit card debt to HSBC was incurred primarily for personal, family, or household use.

2.      On June 4, 2014, defendant Midland sued plaintiff on the alleged credit card debt in the Los Angeles Superior Court, in the case styled <u>Midland Funding LLC v. Britton</u>, Los Angeles Superior Court Case No. 14A14207. Midland was represented by defendant Hunt & Henriques, a law firm which specializes in debt collection.

3.      On or about May 28, 2014, Hunt & Henriques, through its attorney Charles Glauberman, signed a statement of venue under penalty of perjury affirming that "The address of the defendant is 1263 Barry Avenue, Apt. 5, Los Angeles, California 90025-1726."

4.      Hunt & Henriques filed the statement of venue with the Los Angeles Superior Court.

5.      At the time the statement of venue was filed, plaintiff did not live at 1263 Barry Avenue, Apt. 5, Los Angeles, California.

6.      At the time the statement of venue was filed, the address at 1263 Barry Avenue, Apt. 5, Los Angeles, California was not plaintiff's mailing address.

7.      Hunt & Henriques hired defendant ABC to effect service of process of the summons and complaint in <u>Midland Funding LLC v. Britton</u>.

8.      Defendant ABC claims it made several unsuccessful attempts to serve plaintiff prior to June 14, 2014, and falsely claims that it substitute-served plaintiff

1  on June 14, 2014.

2      9.      On June 17, 2014, after a supposed substitute service was completed

3  on June 14, 2017, ABC created a fraudulent affidavit which affirmed under penalty

4  of perjury that ABC had served plaintiff by substituted service on June 14, 2014 by

5  leaving the documents with a Jane Doe at plaintiff's "dwelling house or usual place

6  of abode" at 1263 Barry Avenue, Apt. 5, Los Angeles, California.

7      10.     At the time of purported substituted service, the address at 1263 Barry

8  Avenue, Apt. 5, Los Angeles, California, was not plaintiff's dwelling house or

9  usual place of abode, nor was it his usual mailing address or usual place of

10  business.

11     11.     Defendant ABC also created a fraudulent "Declaration of Reasonable

12  Diligence" on June 17, 2014, after its supposed service, which stated that the Jane

13  Doe who received the summons told ABC's process server that "Subject only

14  receives mail at this address."  No one at 1263 Barry Avenue, Apt. 5, Los Angeles,

15  California ever told ABC's process server that plaintiff "only" received mail at that

16  address.

17     12.     On June 20, 2014, defendant Hunt & Henriques filed ABC's June 17,

18  2014 affidavit of service, and the accompanying "Declaration of Reasonable

19  Diligence," with the Los Angeles Superior Court.

20     13.     On September 15, 2014, Anthony Piero, an attorney at Hunt &

21  Henriques, signed a request for entry of default judgment as to plaintiff, which

22  fraudulently stated under penalty of perjury that a copy of the request for entry of

23  default had been mailed to plaintiff's "last known address" at 1263 Barry Avenue,

24  Apt. 5, Los Angeles, California.  Hunt & Henriques filed this fraudulent document

25  with the Los Angeles Superior Court on September 18, 2014.  The court entered

26  plaintiff's default on September 18, 2014.

27     14.     Hunt & Henriques' September 15, 2014 oath that it had mailed the

28  request for entry of default to plaintiff's "last known address" was false.  The

2

address on Barry Avenue was not plaintiff's last known address.

15.     Plaintiff did not know about the lawsuit and never received a copy of the summons or complaint.  He therefore did not appear or file an answer in the collection lawsuit. On October 1, 2014, the Los Angeles Superior Court entered a default judgment against plaintiff, and in favor of defendant Midland, in the amount of $2,155.29.

16.     In early February, 2017, plaintiff learned for the first time of the lawsuit and judgment in Midland Funding LLC v. Britton. He hired counsel to help him set aside the judgment.  In September, 2017, plaintiff filed a motion to set aside the default and default judgment in the Los Angeles Superior Court.

17.     The Los Angeles Superior Court denied the motion on the grounds that too much time had passed to challenge the default or default judgment, but expressly did not determine the issue of whether ABC's affidavit of service was fraudulent.  A true and correct copy of the state court's final order is attached hereto as Exhibit 1.

18.     Plaintiff is a victim of defendants' extrinsic fraud.  As a result of defendants' conduct, and through no fault of his own, plaintiff was fraudulently deprived of an opportunity to present a claim or defense in the collection action, and was fraudulently kept by defendants in ignorance of that action.  Plaintiff has meritorious defenses to the collection action, and was diligent in trying to set it aside upon learning of it.

19.     Plaintiff sues the defendants in this action for damages, but is not by this action seeking to set aside the default or default judgment in Midland Funding LLC v. Britton.

20.     Defendant Hunt & Henriques received notice of this action within 120 days of its filing, and knew or should have known that this action would have been brought against it, but for an inadvertent mistake by plaintiff's counsel in naming Hunt & Henriques, Inc., instead of Hunt & Henriques the law partnership, in the

original complaint.

## JURISDICTION AND VENUE

21.    The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d).

22.    Venue is proper in the Northern District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendant Hunt & Henriques is headquartered in this district.

## PARTIES

23.    Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

24.    Defendant ABC Legal Services, Inc. is a Washington corporation that does regular business in the Northern District of California.

25.    Defendant Midland Funding LLC is a Delaware limited liability company that does regular business in the Northern District of California.

26.    Defendant Hunt & Henriques is a law partnership headquartered in San Jose, California.

27.    Except as specifically noted herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
**(Against All Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.).**

28.    Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

29.    Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.  Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt

to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

30.    Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

31.    Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

32.    Plaintiff is entitled to $1,000 in statutory damages against each defendant pursuant to 15 U.S.C. § 1692k.  Defendants committed their violations willfully and knowingly, and have frequently and persistently failed to comply with the FDCPA.  The nature of defendants' violations justifies the maximum statutory damages award available.

33.    Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.  For actual damages,

2.  For statutory damages;

3.  For pre-judgment interest to the extent permitted by law;

4.  For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

5.  For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the federal and California constitutions.


Dated:  February 15, 2018                    Respectfully Submitted,

                                             TRUEBLOOD LAW FIRM


                                             By:  _____/s/_____
                                                  Alexander B. Trueblood

                                             Attorneys for Plaintiff
                                             KYLE BRITTON

**EXHIBIT 1**

**FILED**
Superior Court of California
County of Los Angeles

NOV 21 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
J. Carmichael

1
2
3
4
5
6
7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CHATSWORTH

COURTHOUSE

| | | |
|---|---|---|
| MIDLAND FUNDING LLC, | ) | Case No: 14A14207 |
| Plaintiff, | ) | Limited Civil Case |
| vs. | ) | [PROPOSED] ORDER DENYING MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT |
| KYLE BRITTON, | ) | |
| Defendant. | ) | Date: October 19, 2017 Time: 8:30 a.m. Dept: F43 |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OCT 3 0 2017

ORDER

1   Defendant Kyle Britton's motion to set aside the default and default judgment

2   came on regularly for hearing on October 19, 2017 in Department F43.  After

3   consideration of the moving and opposition papers, and the oral argument, the Court

4   denies the motion as untimely.

5   Code of Civil Procedure § 473(d) permits the Court to set aside any void

6   judgment or order.  Although there is no express time limit to bring this statutory

7   motion to set aside a void judgment, the courts have analogized to Code of Civil

8   Procedure § 473.5, in determining what is a reasonable time to bring a motion under

9   C.C.P. § 473(d).  The time limit in C.C.P. § 473.5 is at a maximum, two years from

10  entry of the original judgment.  Since this judgment was entered on October 1, 2014,

11  and this motion was brought more than two years later, the motion is untimely.

12  Defendant argues that a void judgment may be set aside at any time, even

13  outside the two year limit of C.C.P. § 473(d), under the Court's inherent equitable

14  powers.  This is true, but only as to judgments which are void on their face.  The

15  judgment here is not void on its face, because the facts upon which defendant relies

16  to challenge the judgment are extrinsic to the judgment, and do not appear in the

17  court file.

18  The motion is therefore untimely, and the court need not reach the disputed

19  issue of whether the plaintiff properly substitute-served the defendant under Code of

20  Civil Procedure § 415.20.

21  Plaintiff is ordered to give notice of the ruling.

22

23  SO ORDERED.

24

25  Dated:   NOV 2 1 2017

**RICK BROWN**

Judge of the Superior Court

26

27

28

1

ORDER