Hunter H. Hoestenbach (CA Bar No. 249130)
**HOESTENBACH LAW**
501 W. Broadway Ste. A230
San Diego, CA 92101-3536
Tel: 619.940.4868 / Fax: 619.330.9654
E-mail: Hunter@HoestenbachLaw.com

Attorney for Defendant
ABC Legal Services, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE BRITTON, | Case No. 5:17-cv-07070-NC |
| Plaintiff, | ABC'S NOTICE & MOTION TO DISMISS COMPLAINT PER RULE 12(b)(6): **POINTS & AUTHORITIES** |
| vs. | |
| ABC LEGAL SERVICES, INC.; ET. AL., | Judge: Hon. Lucy H. Koh<br>Ct.: 8 |
| Defendants. | Hearing: 04/04/18 – 1:00p.m. |
| | Location: San Jose Courthouse<br>280 S. 1st St. Fl. 4<br>San Jose, CA 95113 |

### I. ISSUES

Issue A:   Whether Plaintiff is collaterally estopped from challenging the state court's decision that service of process was sufficient?

Issue B:   Whether this Court has jurisdiction to review that state court's decision?

- 1 -                    *Case# 5:17-cv-07070-LHK*

## II. RELEVANT FACTS

A court obtains personal jurisdiction over a defendant by way of service of process.  Before entering a default judgment against that defendant, the court must have properly obtained personal jurisdiction over that defendant.  The default thus necessarily adjudicates that service of process was sufficient to confer personal jurisdiction.  If the default has not been set aside, then that defendant is collaterally estopped from challenging the sufficiency of process and the U.S. District Court, a court of original jurisdiction, has no appellate jurisdiction to review the state court's judgment.

That is exactly the scenario here, as confirmed by Plaintiff's recitation of the relevant facts:

- Plaintiff was an alleged debtor in a consumer debt collection lawsuit in the California Superior Court (FAC ¶ 2);
- ABC, a process server, attested to and filed a false proof of substitute service to confer personal jurisdiction over Plaintiff in that lawsuit (FAC ¶¶ 7-11);
- A default judgment was entered against Plaintiff in that lawsuit as a result of ABC's conduct (FAC ¶ 13); and
- To date, the default judgment has never been set aside and remains intact (FAC ¶¶ 16-17, 19).

Plaintiff is collaterally estopped from challenging the sufficiency of process in that state case and this Court, per the *Rooker-Feldman* doctrine, cannot take the issue up for review.

///

///

HHH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**HHH**

### III. ARGUMENT

**A.    PLAINTIFF IS COLLATERALLY ESTOPPED FROM CHALLENGING SUFFICIENCY OF PROCESS**

Plaintiff's single allegation against ABC is the filing of a perjured declaration of service. (FAC ¶¶ 7-11, 30).  That issue was already decided on the merits in the state court where it was first adjudicated, upon entry of the default judgment, that service was proper (FAC ¶¶ 15), and where it was later held, following a motion to set aside the default judgment, that service was proper. (FAC ¶¶ 16-17, 19; Exhibit A).  Plaintiff is collaterally estopped from re-litigating the state court's decision.

**1.    Rule**

Federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (B.A.P. 9th Cir. 1997); 28 U.S.C. § 1738.

Under California law, collateral estoppel applies if:

(1)    the issue sought to be precluded from re-litigation is identical to that decided in the former proceeding;

(2)    the issue was actually litigated in the former proceeding;

(3)    the issue was necessarily decided in the former proceeding;

(4)    the decision in the former proceeding was final and on the merits; and

(5)    the party against whom preclusion is sought is the same, or in privity with, the party to the former proceeding. *In re Younie*, 211 B.R. at 373; *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001).

1

2.      **Analysis**

2

    **a.      Issue is identical to that decided in former proceeding**

3

Sufficiency or process, the issue in this Federal action, is an issue prior

4

adjudicated by the default judgment entered against Plaintiff in the California

5

Superior Court.  A default judgment decides two issues:

6

    i)      summons/complaint were properly served, and

7

    ii)      defendant is liable to plaintiff in the amount aptly pleaded.

8

*See* Cal. Code Civ. P. § 585(a)(if defendant fails to timely respond, clerk, 1) upon

9

proof of service of summons/complaint 2) shall enter judgment in amount

10

demanded).

11

Put another way, review of a default judgment is limited to issues of 1)

12

jurisdiction, and 2) sufficiency of pleadings. *Steven M. Garber & Assoc. v.*

13

*Eskandarian* (2007) 150 Cal.App.4th 813, 824.  Jurisdiction and proper service are

14

the same question.  Personal jurisdiction is not conferred on the court if the

15

summons/complaint were not properly served. *Dill v. Berquist Construction Co.*

16

(1994) 24 Cal.App.4th 1426, 1444.  The proof of service is part of the judgment.

17

*Id.* at 1441.

18

    **b.      Issue was actually litigated in former proceeding**

19

The issues raised by the default, 1) proper service and 2) proper damages,

20

are considered "actually litigated" with the entry of default.  A default judgment is

21

conclusive to the issues tendered by the complaint as if it had been rendered after

22

answer filed and trial had on the allegations.  Such a judgment is res judicata as to

23

all issues aptly pleaded in the complaint and defendant is estopped from denying in

24

a subsequent action any allegations contained in the former complaint. *In re*

25

*Younie*, 211 B.R. at 375 (quoting *Fitzgerald v. Herzer* (1947) 78 Cal.App.2d 127,

**HHH**

- 4 -          *Case# 5:17-cv-07070-LHK*
Motion to Dismiss FAC

129).  Thus, in California, a default judgment satisfies the "actually litigated" requirement for the application of collateral estoppel. *Id.*

### c.   Issue was necessarily decided in former proceeding

For the same reasons explained above, and because a proof of service is part of the judgment and a prerequisite to entry of default, it is an issue necessarily decided and adjudicated by a default judgment.

### d.   Decision in former proceeding was final

On October 19, 2017, the California Superior Court heard Plaintiff's motion to set aside the default judgment. (Exhibit A).  Plaintiff's motion was denied on the grounds that:

(i)    the proof of service was not fraudulent;

(ii)   the proof of service was not void on its face; and

(iii)  time for appeal had lapsed under Cal. Code Civ. P. § 473.5(a).

(Exhibit A).

The default judgment thus remains intact.  The decision that service of process was sufficient also remains intact.  Plaintiff having failed to set aside the default judgment, the decision that service was sufficient is final. *McKee v. National Union Fire Ins. Co.* (1993) 15 Cal.App.4th 282, 287-289.

Our District Courts agree.  In *Nguyen v. LVNV Funding, LLC*, No. 3:15-cv-00758-LAB-RBB *2-3 (S.D. Cal. Feb. 6, 2018), the Southern District noted that any and all issues pleaded are considered res judicata when a default judgment is entered (*citing Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860, 871).  The Court went on to hold "[a] party cannot by negligence or design withhold issues and litigate them in consecutive actions.  Hence the rule is: the prior judgment is res judicata on matters which were raised or could have been raised, on matters

**HHH**

Motion to Dismiss FAC

litigated or litigable." *Id.* at *3, *quoting Mitchell v. Jones* (1959) 172 Cal.App.2d 580, 585.  Finally, the Court said "it is the opportunity to litigate that is important in these cases, not whether the litigant availed himself or herself of the opportunity." *Id.* at *4, *quoting Murray,* 50 Cal.4th 869.  Accordingly, the Southern District found that the plaintiff's state court motion to set aside default judgment having been denied rendered the decision final. *Id.* at *3-4.

### e.    Party against whom preclusion sought is the same party as in the former proceeding

Plaintiff was the debtor defendant in the state court's proceeding and is the same party against whom issue preclusion is sought here.

### 3.    Conclusion

This Court is bound to accept as true the finding of the state court's default judgment; that is, Plaintiff was properly served with summons and complaint. *In re Younie*, 211 B.R. at 373.  Plaintiff cannot deny that finding in this subsequent action. *Id.* at 375 (quoting *Fitzgerald,* 78 Cal.App.2d at 129).  Therefore, Plaintiff is collaterally estopped from bringing this action against ABC for improper service of process.

## B.    THIS COURT IS DEPRIVED OF JURISDICTION TO REVIEW THE STATE COURT'S JUDGMENT

Under the *Rooker-Feldman* doctrine, a federal district court has no authority to review state court judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).  The *Rooker-Feldman* doctrine precludes this Court from reviewing the state court proceedings even where the plaintiff does not directly contest the merits of the state court decision. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855,

HHH

859 (9th Cir. 2008).  A court must examine whether the federal causes of action are inextricably intertwined with the state court's decision such that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state law or procedural rules. *Id.*

The state court finally determined and adjudicated, when it entered the default judgment, that service of process was sufficient.  This Court may not now find that Plaintiff was improperly served with summons below, or that ABC knowingly filed a false proof of service, without undercutting the state court's decision. *See e.g. Bryant v. Gordon & Wong Law Group, P.C.*, 681 F.Supp.2d 1205, 1208 (E.D. Cal. 2010); *Fleming v. Gordon & Wong Law Group, P.C.*, 723 F.Supp.2d 1219, 1223-1224 (N.D. Cal. 2009).

In *Bryant*, as here, the plaintiff alleged FDCPA violations on the basis that defendant obtained a default judgment by filing a false proof of service. *Bryant*, 681 F.Supp.2d at 1208.  Plaintiff argued he was not attacking the default judgment, rather he was attacking the illegal garnishment defendant thereafter pursued. *Id.* The federal district court ruled the net effect of plaintiff's FDCPA lawsuit would undermine the state court judgment, and that the *Rooker-Feldman* doctrine barred the federal court from hearing the matter. *Id.*  The federal court advised "[i]f Plaintiff believes he has been wronged by the actions of the state court, he must turn to the state for remedy." *Bryant*, 681 F.Supp.2d at 1208.

### IV. CONCLUSION

Wherefore ABC respectfully requests this Court grant the motion to dismiss on the basis that the complaint "lack[s] a cognizable theory" and "[fails to allege] sufficient facts under any cognizable theory." *Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).*  Because it is apparent from the face of the

**HHH**

complaint that it is incapable of amendment to cure the deficiency, this entire action should be dismissed with prejudice.

Date: February 20, 2018                    Respectfully submitted,

**HOESTENBACH LAW**

By: /s/ Hunter H. Hoestenbach
      Hunter H. Hoestenbach (SBN: 249130)
      501 W. Broadway Ste. A230
      San Diego, CA 92101-3536
      Tel: 619.940.4868 / Fax: 619.330.9654
      E-Mail: Hunter@HoestenbachLaw.com

      ATTORNEY FOR ABC