Kurtiss A. Jacobs, LL.M. # 218950
Donald Sherrill, Esq. # 266038
151 Bernal Road #8
San Jose CA 95119-1306
Telephone: (408) 362-2270
Facsimile: (408) 360-8482

Attorneys for Defendants
File No. 978052

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kyle Britton,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ABC Legal Services Inc., Midland Funding LLC, and Hunt & Henriques, a law partnership,<br><br>　　　　　Defendants. | Case No. 5:17-cv-7070<br><br>Hunt & Henriques's answer to first amended complaint for damages |

Hunt & Henriques, a law partnership ("H&H"), answers plaintiff Kyle Britton ("Britton")'s first amended complaint for damages as follows:

## INTRODUCTION

The Rooker-Feldman doctrine deprives this court does of subject matter jurisdiction.

## DENIALS

### Alleged operative facts

1. H&H can neither admit nor deny that Midland is a debt collection agency. H&H admits Britton's judicial admission that he defaulted on an HSBC credit card debt. H&H has no information to support Britton's allegation that he incurred his credit card debt primarily for personal, family, or household use; and on that basis, denies.

Page 1

Kyle Britton v. Hunt & Henriques et al. (5:17-cv-7070)
Hunt & Henriques's answer to first amended complaint

2. Admit with the following clarification: Under the federal Fair Debt Collection Practices Act (FDCPA; 15 United States Code § 1692 et seq.), the word "debt" carries a specified and threshold definition, encompassing only those financial obligations incurred *primarily* for personal, family, or household use. While H&H does specialize in collecting "debts" in the everyday sense of the word meaning money owed, H&H collects both "debt" meaning *any* financial obligation, and "debt" within the statutory definition. It is irrelevant whether the majority of obligations that H&H collects are incurred primarily for personal, family, or household use; if *Britton's* debt was not incurred *primarily* for personal, family, or household use, then the only statute underlying this action is inapplicable and H&H has been wrongly sued.

3. Admit.

4. Admit.

5. H&H believes the allegation to be false, on the following information: Before filing any lawsuit, H&H verifies venue by confirming the defendant's address by two independent public records. As of May 28, 2014, public records indicated that 1263 Barry Avenue, Apt. 5, Los Angeles CA was Britton's current address.

6. H&H believes the allegation to be false, on the following information:

   a. Before filing any lawsuit, H&H verifies venue by confirming the defendant's address by two independent public records. As of May 28, 2014, public records indicated that 1263 Barry Avenue, Apt. 5, Los Angeles CA was Britton's current address.

   b. Even people who never default on any debts may maintain more than one mailing address for any number of legitimate reasons. But H&H's significant experience in filing lawsuits and having an independent contractor serve process has shown over the past 35 years that a significant number of people, perhaps disproportionately true for people who default on their financial obligations, maintain more than one mailing address. Among those who maintain two, three, four, or more mailing addresses, it is universally alleged that the address where

Page 2

Kyle Britton v. Hunt & Henriques et al. (5:17-cv-7070)
Hunt & Henriques's answer to first amended complaint

service occurred "wasn't my real address."

7. Admit, except that H&H did not "hire" ABC but rather "contracted with" ABC.

8. Admit that ABC claims it made several unsuccessful attempts to serve plaintiff prior to June 14, 2014. H&H denies the allegation that ABC's claim that it served Britton by substitute on June 14, 2014 was false on belief in the following information: ABC's registered process server declared the facts stated in the return of service under penalty of perjury. Perjury is a crime but not a tort. At the time that John Gonzalez made his declaration under penalty of perjury, he knew that if he lied then he could be criminally prosecuted. Gonzales had no financial stake in the outcome of litigation, and would not likely have exposed himself to criminal prosecution in order to help H&H or Midland obtain judgment over a stranger.

9. Despite the numerous facts contained in the run-on sentence that is Britton's ¶ 9, the paragraph contains only one allegation; i.e., that "ABC created a fraudulent affidavit." H&H denies this allegation for the reasons stated in ¶ 8 above.

10. H&H believes this allegation to be false, for reasons stated in ¶¶ 5-6 above.

11. Deny. Britton has no competent evidence to support this allegation. Under Federal Rule of Evidence (incorporating California Evidence Code § 647), the filed proof of service at issue is competent evidence that the Jane Doe who received the summons *did* tell John Gonzalez that "subject only receives mail at this address."

12. Deny, but admit that ABC filed same under H&H's authorization.

13. Deny the first allegation. Admit the second allegation, except that the adjective "fraudulent" is itself fraudulent. Admit the third allegation.

14. Deny. For example, see ¶ 6.a. above.

15. On information and belief, deny the first allegation. The cause-and-effect "therefore" in the second allegation is a red herring; the California Supreme Court and the Judicial Council have acknowledged that the reason that 90% of defendants sued for credit card debt default, is that they know that there is rarely a valid defense to a defaulted credit card. Admit the third allegation.

Page 3

Kyle Britton v. Hunt & Henriques et al. (5:17-cv-7070)
Hunt & Henriques's answer to first amended complaint

16. Deny the first allegation. Admit Britton's judicial admission that he *hired* (cf. retained) counsel. Admit the third allegation.

17. Admit that the superior court denied the motion. Deny that the superior court "expressly did not determine the issue of whether ABC's affidavit of service was fraudulent"; to the contrary, the superior court expressly *did* determine that the affidavit of service was *not* fraudulent, though Britton's counsel did cajole the court into signing an order overlooking this legal conclusion. Admit the allegation that Britton's exhibit 1 is a true copy of the court's final order, and observe that although he omitted his address on the cover page, the language is entirely that of Britton's counsel Alexander Trueblood, Esq.

18. Each and every of the allegations in this paragraph is and are denied. H&H also observes that although Britton's counsel has made much of the fact that the superior court stated that his motion for statutory relief from judgment was time barred; and despite the fact that *there is no time limit whatsoever to seek equitable relief from judgment*; still, Britton's attorney has still not, six months later, gone back to superior court to seek equitable relief from judgment.

19. Deny as disingenuous. While plaintiff's complaint does not seek "to set aside the default or default judgment" *per se*, that is not the extent of Rooker-Feldman foreclosure: Rooker-Feldman applies whenever a state-court loser invites District Court review and rejection of a state-court judgment.

20. Deny that the "mistake" was "inadvertent"; it was careless, and a violation of Rule 11.

### Jurisdiction and venue

21. Deny. 15 United States Court § 1692k provides remedies when a debt collector violates §§ 1692c, d, e, f, or g when engaged in Interstate Commerce, but not when exercising Petition Rights.

22. Admit.

### Parties

23. Admit.

24. On information and belief, Admit.

Page 4

Kyle Britton v. Hunt & Henriques et al. (5:17-cv-7070)
Hunt & Henriques's answer to first amended complaint

25. On information and belief, Admit.

26. Admit.

27. Deny the agency allegation. Deny the liability allegation.

### First cause of action

28. H&H realleges and incorporates the denials of all paragraphs above.

29. Deny the first allegation. Object to the second allegation as irrelevant, as Britton has not complained about any use of instrumentalities of Interstate Commerce.

30. Object on the ground that § 1692e was not intended to and, as a constitutional matter cannot, impose statutory tort liability on Petitioning Activity as provided in the First Amendment. Without waiving said objections, H&H denies any violation(s) occurred.

31. Deny.

32. Deny that Britton is entitled to statutory damages. Deny that any violations occurred, and also deny that any violations that may have occurred were committed willfully and knowingly. Deny the defamatory allegation that H&H has "frequently and persistently failed to comply with the FDCPA." H&H has spent extraordinary amounts of time and money avoiding violations of the FDCPA, but inadvertent and technical violations are unavoidable given the unintendedly broad scope given to the statute. Britton will not be able to demonstrate any willful violation, and in fact will be unable to overcome H&H's showing that it has taken extreme measures to avoid any violation whatsoever.

33. Deny.

### Affirmative defenses

1. Although not an affirmative defense, H&H emphasizes that the complaint fails to state a claim upon which relief can be granted.

2. Plaintiff suffered no damages as a result of the facts alleged, and therefore has no standing to bring this action.

3. The First Amendment to the United States Constitution, as recognized by the Noerr-Pennington doctrine, and (as to the state law cause of action) California's absolute litigation privilege codified at Civil Code § 47(b), *immunize* every person in America—

Page 5

Kyle Britton v. Hunt & Henriques et al. (5:17-cv-7070)
Hunt & Henriques's answer to first amended complaint

natural and fictitious persons alike—from statutory tort liability for petitioning activity such as constitutes the only facts alleged in the complaint.

4. H&H denies any wrongdoing, but nevertheless assert that if any violation occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## PRAYER FOR RELIEF

**WHEREFORE,** Hunt & Henriques respectfully prays as follows:

a. That plaintiffs take nothing on his complaint;

b. That the Court declare that H&H did not violate the FDCPA;

c. That the Court award H&H costs under Fed. R. Civ. P. 54(d)(1) as provided in *Marx v. Gen. Revenue Corp.* (2013) 133 S. Ct. 1166, 1171;

d. For other relief as the court may deem just and proper.

Respectfully submitted,

/s/

Dated: April 23, 2018

_____
Kurtiss A Jacobs, LL.M.
Donald Sherrill, Esq.
Attorneys for Hunt & Henriques

Page 6

Kyle Britton v. Hunt & Henriques et al. (5:17-cv-7070)
Hunt & Henriques's answer to first amended complaint