UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KYLE BRITTON,<br><br>            Plaintiff,<br><br>     v.<br><br>ABC LEGAL SERVICES, INC., et al.,<br><br>            Defendants. | Case No. 17-CV-07070-LHK<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 28, 34 |

Plaintiff Kyle Britton ("Plaintiff") filed an amended complaint against Defendants ABC Legal Services, Inc. ("ABC"), Midland Funding LLC ("Midland Funding"), and Hunt & Henriques ("Hunt & Henriques") (collectively, "Defendants") for violation of the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 26 ("FAC"). In Plaintiff's amended complaint, Plaintiff asserts a cause of action under the FDCPA arising out of Defendants' alleged "false, deceptive, or misleading representations" in Defendants' debt collection practices. FAC ¶ 32. Before the Court is ABC's motion to dismiss. Having considered the submission of the parties, the relevant law, and the record in this case, the Court hereby DENIES Defendant ABC's motion to dismiss.

**I.     BACKGROUND**

### A. Factual Background

Defendant Midland Funding, a debt collection agency, acquired Plaintiff's defaulted credit card debt, originally owed to HSBC Bank. FAC ¶ 1. On June 4, 2014, Midland Funding, represented by Hunt & Henriques, sued Plaintiff in Los Angeles Superior Court for the alleged credit card debt. *Id.* ¶ 2. Around May 28, 2014, Hunt & Henriques signed and filed a statement of venue stating that Plaintiff's address at the time was 1263 Barry Avenue, Apt. 5, Los Angeles, California ("1263 Barry Avenue"). *Id.* ¶ 3, 4. Plaintiff was not living at the address, nor was it Plaintiff's mailing address. *Id.* ¶ 5, 6.

Hunt & Henriques hired ABC to effect service of process of the summons and complaint in *Midland Funding LLC v. Britton* on Plaintiff. *Id.* ¶ 7. On June 14, 2014, ABC "falsely claim[ed]" that ABC had substitute-served Plaintiff. *Id.* ¶ 8. On June 17, 2014, ABC "created a fraudulent affidavit" of service which affirmed that ABC had substitute served Plaintiff "by leaving the documents with a Jane Doe at plaintiff's 'dwelling house or usual abode.'" *Id.* ¶ 9. On June 17, 2014, ABC "created a fraudulent 'Declaration of Reasonable Diligence'" which stated that the Jane Doe had told ABC's process server that Plaintiff received mail at 1263 Barry Avenue. *Id.* ¶ 11. Both the declaration and affidavit of service were filed by Hunt & Henriques on June 17, 2014. *Id.* On September 15, 2014, Hunt & Henriques signed a request for entry of default judgment as to Plaintiff, which stated that a copy of the request for entry of default had been mailed to Plaintiff's "last known address" at 1263 Barry Avenue. *Id.* ¶ 13. On September 18, 2014, Hunt & Henriques filed the request for entry of default judgment. *Id.* On October 1, 2014, the Los Angeles Superior Court entered a default judgment against Plaintiff in favor of defendant Midland Funding in the amount of $2,155.29. *Id.* ¶ 15.

Plaintiff "did not know about the lawsuit" and "never received a copy of the summons or complaint." *Id.* When Plaintiff discovered the lawsuit and judgment, Plaintiff filed a motion to set aside the default judgment in Los Angeles Superior Court. *Id.* ¶ 16. The Los Angeles Superior Court issued an "Order Denying Motion to Set Aside Default and Default Judgment" ("Denial Ruling"), which denied the motion on the grounds that it was untimely, because the motion was

2

Case No. 17-CV-07070-LHK
ORDER DENYING MOTION TO DISMISS

1   not filed within the two year limit to attack a default judgment for improper service. *Id.* ¶ 17; FAC
2   Exh. 1. Plaintiff alleges that Plaintiff is a victim of Defendants' extrinsic fraud and was "deprived
3   of an opportunity to present a claim or defense in the collection action" by being kept "in
4   ignorance" of the action. *Id.* ¶ 18.

### B. Procedural History

On December 12, 2017, Plaintiff filed his original complaint against Defendants. Plaintiff's original complaint asserted two causes of action, including (1) "using false, deceptive or misleading representations" in violation of the Fair Debt Collection Practices Act (FDCPA), pursuant to 15 U.S.C. § 1692e (asserted against all Defendants); and (2) using "false, deceptive, misleading representations" in violation of the Rosenthal Fair Debt Collection Act pursuant to Cal. Civil Code § 1788. *See* ECF No. 1.

On February 1, 2018, ABC filed a motion to strike Plaintiff's state law claim on the basis that ABC's activities were protected under California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16. ECF No. 15. On the same day, ABC also filed a motion to dismiss Plaintiff's complaint. ECF No. 18. On February 15, 2018, Plaintiff filed a first amended complaint. *See* FAC. Plaintiff's FAC asserts only the federal cause of action against Defendants in violation of the FDCPA pursuant to 15 U.S.C. § 1692e. FAC at 4.

On February 20, 2018, ABC filed a motion to dismiss Plaintiff's FAC. ECF No. 28-1 ("Mot."). On March 6, 2018, Plaintiff filed an opposition to the motion to dismiss. ECF No. 34. ABC did not file a reply.

## II.   LEGAL STANDARD
### A. Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

3

550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, see *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Leave to Amend**

If the court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d

522, 532 (9th Cir. 2008) (alteration in original).

## III. DISCUSSION

Defendant ABC has moved to dismiss Plaintiff's complaint. ABC argues that (1) Plaintiff's claims are barred by collateral estoppel, and (2) the Court does not have jurisdiction over these claims due to the *Rooker-Feldman* doctrine. Mot. at 2. The Court addresses these arguments in turn.

### A. Collateral Estoppel

In ABC's motion to dismiss, ABC argues that "Plaintiff is collaterally estopped from re-litigating the state court's decision." Mot. at 3. ABC suggests that the prior state court default "already decided on the merits" that service was proper, and that consequently, Plaintiff's claim that ABC filed a fraudulent affidavit and fraudulent declaration of service should be collaterally estopped. *Id.* The Court disagrees.

Collateral estoppel forecloses "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). In other words, collateral estoppel will bar the relitigation of issues explicitly litigated and necessary to a prior judgment. *See Hiser v. Franklin*, 94 F.3d 1287, 1292 (9th Cir. 1996).

In California, "courts will apply collateral estoppel only if certain threshold requirements are met, and then only if application of preclusion furthers the public policies underlying the doctrine."[1] *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001). There are five threshold requirements:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the

---

[1] The Court applies California collateral estoppel law to the instant case because under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, federal courts must give a state court judgment the same preclusive effect as the state court judgment would receive *by another court of that state*. *See* 28 U.S.C. § 1738; *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).

5
Case No. 17-CV-07070-LHK
ORDER DENYING MOTION TO DISMISS

merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Id.* (quoting *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990)). "The party asserting collateral estoppel bears the burden of establishing these requirements." *Id.* (quoting *Lucido*, 795 P.2d at 1225).

In the instant case, the prior state court judgment was a default judgment against Plaintiff. Although the "mere fact that judgment was secured by default does not warrant the application of a special rule" in the collateral estoppel analysis, *In re Cantrell*, 329 F.3d 1119, 1123 (9th Cir. 2003) (quoting *Williams v. Williams (In re Williams' Estate)*, 223 P.2d 248, 252 (Cal. 1950)), California courts place "two limitations" on a default judgment's preclusive effect. *Id.* at 1124. First, "collateral estoppel applies only if the defendant 'has been personally served with summons or has actual knowledge of the existence of the litigation.'" *Id.* (quoting *Harmon*, 250 F.3d at 1247). Second, a default judgment decision has preclusive effect in later proceedings "only where the record shows an express finding upon the allegation for which preclusion is sought." *Id.* (quoting *Williams*, 223 P.2d at 254).

Both of these limitations to a default judgment's preclusive effect apply in the instant case because (1) Plaintiff alleges that he was never personally served with summons and did not have actual knowledge of the state court litigation prior to the default judgment; and (2) the state court made no express finding on the issue of whether Plaintiff was fraudulently served. The Court discusses each limitation in turn.

**1. Lack of Personal Service of Summons and Actual Knowledge**

As discussed above, the first limitation on a default judgment's preclusive effect is that collateral estoppel will only apply "if the defendant 'has been personally served with summons or has actual knowledge of the existence of the litigation.'" *Id.* (quoting *Harmon*, 250 F.3d at 1247). Although courts have reasoned that defendants can be estopped by default judgments because the "defendant who is served with a summons and complaint" but fails to respond "'is presumed to admit all the facts which are well pleaded in the complaint,'" *Harmon*, 250 F.3d at 1247 (quoting *Williams*, 223 P.2d at 252), "this rationale is inapplicable in cases in which the defendant is

6
Case No. 17-CV-07070-LHK
ORDER DENYING MOTION TO DISMISS

unaware of the litigation." *Id.*; *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1982) (recognizing exception to collateral estoppel where "the party sought to be precluded, as a result of the conduct of his adversary . . . did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action").

Here, Plaintiff alleges that "Plaintiff did not know about the [state court] lawsuit and never received a copy of the summons or complaint." FAC ¶ 15. Specifically, Plaintiff alleges that (1) ABC attempted, but was unable, to serve Plaintiff at 1263 Barry Avenue; (2) ABC then "created a fraudulent affidavit" which stated that ABC had completed substitute service by leaving documents with a Jane Doe at 1263 Barry Avenue; and (3) Plaintiff "did not live at 1263 Barry Avenue" and 1263 Barry Avenue was not "[P]laintiff's mailing address." FAC ¶¶ 5, 6, 9.[2] Further, Plaintiff alleges that he was never personally served with the summons or complaint, and that Plaintiff did not learn of the state court lawsuit and the default judgment until February 2017. FAC ¶¶ 15, 16. At the motion to dismiss stage, the Court is bound to "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Moreover, the state court made no finding in the Denial Ruling that Plaintiff was properly served or received a copy of a summons or complaint. *See* FAC Exh. 1. Thus, because Plaintiff has alleged that he had no knowledge of Midland Funding's state court action against Plaintiff and that he was never served with the summons in that action, the default judgment in that action does not collaterally estop Plaintiff's claim in the instant case. *See Cantrell*, 329 F.3d at 1124.

---

[2] In an unopposed request for judicial notice, Plaintiff requests that the Court take judicial notice of a declaration that Plaintiff filed in in the *Midland Funding* case. The declaration includes bank statements, a lease, and phone bills that demonstrate that Plaintiff's residence at the time of the alleged service was 12540 Braddock Drive #131, Los Angeles, California. *See* ECF No. 34-1 at 4-35. Although the Court may generally take judicial notice of public filings, including in other cases, *see Bank of N.Y. Mellon v. Hong Xuan Vo*, No. 14-CV-5110-LHK, 2015 WL 662221, at *1 n.1 (N.D. Cal. Feb. 12, 2015), the Court declines to take judicial notice of the substance of the documents underlying the declaration because the documents are not matters of public record, nor are they incorporated into Plaintiff's complaint. *See Smith v. Bank of Hawaii*, 2017 WL 3597522, at *5 (D. Haw. Apr. 13, 2017) (declining to take judicial notice of bank statements because they were private records that were not central to the complaint).

### 2. No Express Finding of Fraudulent Service

Also as discussed above, the second limitation on a default judgment's preclusive effect is that a default judgment will not have preclusive effect in a later proceeding unless "'the record shows an express finding upon the allegation' for which preclusion is sought." *Id.* (quoting *Williams*, 223 P.2d at 254). In the instant case, ABC argues that Plaintiff's allegation that ABC filed a "perjured declaration of service" in Midland Funding's state court action against Plaintiff is precluded by the state court's "entry of the default judgment" and the Denial Ruling. Mot. at 3. However, the state court's Denial Ruling made no express finding concerning "whether the plaintiff [Midland Funding] properly substitute-served" Plaintiff through ABC. FAC Exh. 1. Instead the Denial Ruling explicitly stated that the state court would not reach this issue. *Id.* Thus, because the state court made no express finding regarding the issue of whether ABC fraudulently served Plaintiff, that issue was not actually litigated in the state court action. *See Harmon*, 250 F.3d at 1248. As a result, Plaintiff is not precluded from litigating that issue in the instant case.

To be sure, "the express finding requirement can be waived if the court in the prior proceeding necessarily decided the issue" of whether ABC fraudulently served Plaintiff. *Id.* However, it is clear that the court in the previous state court action did not necessarily decide the issue of whether Plaintiff was properly substitute-served or whether ABC filed a fraudulent affidavit and declaration of service. *Groves v. Peterson*, 100 Cal. App. 4th 659 (2002), is on point. *Groves* involved a plaintiff who had a default judgment entered against him. The plaintiff moved to vacate the default judgment on the grounds that "he was never served with a copy of the summons and complaint," but a trial court denied as untimely the plaintiff's motion to vacate. *Id.* at 662, 665. Thereafter, the plaintiff filed another action—an "independent action in equity"—to vacate the prior default judgment against him. *Id.* at 665. In this separate action, the plaintiff argued that the default judgment was void because the plaintiff "was not validly served with summons and complaint." *Id.* at 661. The California Court of Appeal held that the prior order denying the plaintiff's motion to vacate the default judgment "had no collateral estoppel effect" because the order did not "actually decide" the "validity of service." *Id.* at 661–62. Specifically,

8

Case No. 17-CV-07070-LHK
ORDER DENYING MOTION TO DISMISS

the California Court of Appeal found that because the denial of the plaintiff's motion to vacate was "limited to a procedural ground [(untimeliness)], it did not actually determine whether the service was valid." *Id.* at 670.

The instant case closely resembles *Groves*. Like the plaintiff in *Groves*, Plaintiff previously filed a motion to vacate a default judgment against him. Further, like in *Groves*, the state court denied Plaintiff's motion to vacate on the "procedural ground" that the motion "was untimely." *Id.* Indeed, the state court's Denial Ruling explicitly states that Plaintiff's "motion [to vacate] is untimely" and that the court "need not reach the disputed issue" of whether service on Plaintiff was proper. FAC Exh. 1. Thus, the state court's Denial Ruling was "limited to a procedural ground [(untimeliness)]" and "did not actually determine whether the service [on Plaintiff] was valid." *Groves*, 100 Cal. App. 4th at 670. As a result, the state court's Denial Ruling has "no collateral estoppel effect" on Plaintiff's claim that ABC improperly and fraudulently served Plaintiff. *Id.* at 661–62.

Accordingly, ABC's motion to dismiss Plaintiff's claim on collateral estoppel grounds is DENIED.

### B. *Rooker-Feldman* Doctrine

In the instant motion to dismiss, ABC also argues that the *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction over Plaintiff's FDCPA claim. For the reasons explained below, the Court disagrees with ABC.

Federal district courts, as courts of original jurisdiction, may not review the final determinations of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine prohibits a federal district court from "exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). The Ninth Circuit has not directly addressed whether state court default judgments bar subsequent FDCPA claims of allegedly fraudulent service under *Rooker-Feldman*. *Rubio v. LVNV Funding, LLC*, No. C 14-5395 JSW, 2015 WL 13650046, at *3 (N.D. Cal. July 21, 2015); *cf. Satre v. Wells Fargo Bank, NA*, 507 F. App'x 655, 656 (9th Cir.

9

Case No. 17-CV-07070-LHK
ORDER DENYING MOTION TO DISMISS

2013) (unpublished) (concluding that district court that dismissed FDCPA and other state-law claims under *Rooker-Feldman* erred because the plaintiffs "alleged in their complaint illegal acts and omissions by defendants, not an error by the state court").

Further, there is a split among district courts in the Ninth Circuit over this issue. Some federal district courts in California have held that an FDCPA claim that is brought subsequent to a state court default judgment and that alleges false proof of service is "inherently challenging the entry of default." *Bryant v. Gordon & Wong Law Grp.*, 681 F. Supp. 2d 1205, 1208 (E.D. Cal. 2010); *see also Grant v. Unifund CCR Partners*, 842 F. Supp. 2d 1234, 1238 (C.D. Cal. 2012). In contrast, other district courts in California have held otherwise. In *Rubio*, another court in this district found that *Rooker-Feldman* does not bar FDCPA claims alleging improper service that are brought subsequent to state court default judgments. *See Rubio*, 2015 WL 13650046 at *5. Similarly, the Second Circuit has held that an FDCPA claim based on allegations of use of "sewer service"[3] to obtain state court default judgments was not barred by *Rooker-Feldman* because the claim spoke "not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments." *Sykes v. Mel S. Harris & Assoc.*, 780 F.3d 70, 94-95 (2d Cir. 2015).

In the instant case, the Court finds that Plaintiff's claim is not barred by the *Rooker-Feldman* doctrine. As discussed above, the *Rooker-Feldman* doctrine prohibits this Court from "exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian*, 359 F.3d at 1139. "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (quoting *Noel*, 341 F.3d at 1164). "In contrast, if 'a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar

---

[3] "Sewer service" is where the defendant "fail[s] to serve a debtor and fil[es] a fraudulent affidavit attesting to service so that when the debtor later fails to appear in court, a default judgment can be entered against them." *Holmes v. Electronic Document Processing, Inc.*, 966 F. Supp. 2d 925, 929 (N.D. Cal. 2013).

10
Case No. 17-CV-07070-LHK
ORDER DENYING MOTION TO DISMISS

jurisdiction.'" *Id.* (quoting *Noel*, 341 F.3d at 1164).

"Should the action *not* contain a forbidden de facto appeal, the *Rooker-Feldman* inquiry ends." *Bell*, 709 F.3d at 897. If, however, the plaintiff has brought a forbidden de facto appeal, then the Court must also perform a "second and distinct step in the *Rooker-Feldman* analysis" to determine whether any other issues are "inextricably intertwined" with the de facto appeal and decline to hear such inextricably intertwined issues. *Id.*; *see also Noel*, 341 F.3d at 1158 ("The federal suit is not a forbidden de facto appeal because it is 'inextricably intertwined' with something. Rather, it is simply a forbidden de facto appeal. Only when there is already a forbidden de facto appeal in federal court does the 'inextricably intertwined' test come into play.")

Plaintiff's claim is not a de facto appeal from a state court judgment. Even though the state court denied Plaintiff's motion to set aside the default judgment in the state court action, Plaintiff's claim is not a de facto appeal because it neither asserts "as a legal wrong" an "erroneous decision by a state court" nor seeks "relief from a state court judgment." *See Noel*, 341 F.3d at 1164. Plaintiff's complaint only alleges that ABC violated FDCPA by using a fraudulent affidavit of service and a fraudulent "Declaration of Reasonable Diligence." FAC ¶¶ 9, 11. Plaintiff does not complain of any legal injury caused by a state court judgment, "but rather of a legal injury caused by an adverse party." *Noel*, 341 F.3d at 1163. Further, the Ninth Circuit has held that "a plaintiff alleging extrinsic fraud on a state court is not alleging a legal error of a state court." *Kougasian*, 359 F.3d at 1140-41. Because extrinsic fraud is "conduct which prevents a party from presenting his claim in court," *id.* at 1140 (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)), Plaintiff's assertion that ABC filed a fraudulent affidavit and declaration of service amounts to an allegation of extrinsic fraud on the state court.

Furthermore, the Second Circuit in *Sykes* found that a nearly identical FDCPA claim alleging that the defendants obtained a state court default judgment by way of "sewer service" did not "speak to the propriety of the state court judgment[]." *See Sykes*, 780 F.3d at 94. Rather, the Second Circuit explained that the plaintiffs in *Sykes* only alleged fraudulent conduct on the part of the defendants in obtaining a default judgment. *Id.* On this basis, the Second Circuit concluded

11

Case No. 17-CV-07070-LHK
ORDER DENYING MOTION TO DISMISS

that the plaintiffs' FDCPA claim based on defendants' "sewer service" was not barred by the *Rooker-Feldman* doctrine. *Id.* Here, like in *Sykes*, Plaintiff only brings a claim against ABC for "the fraudulent course of conduct that [they] pursued in obtaining" the state court default judgment—specifically, by filing a fraudulent affidavit and declaration of service. *See id.* at 95. Thus, as in *Sykes*, Plaintiff is neither asserting the legal error of the state court nor seeking relief from the state court judgment. *See id.* As a result, *Rooker-Feldman* does not bar Plaintiff's FDCPA claim.

ABC cites *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855 (9th Cir. 2008), to argue that *Rooker-Feldman* bars Plaintiff's claim. Mot. at 6. However, *Reusser* is factually distinguishable from the instant case. *Reusser* found that a plaintiff's federal suit alleging that the defendant "engaged in two acts of extrinsic fraud" amounted to a de facto appeal of a state court's denial of the same plaintiff's motion to vacate a default judgment. *See Reusser*, 525 F.3d at 859–60. However, in *Reusser*, the state court "indicated" that in denying the plaintiff's motion to vacate, the state court "rejected the [plaintiff's allegations of] extrinsic fraud [against the defendant] on the merits." *Id.* at 860. In contrast, in the instant case, the state court's Denial Ruling was based solely on the fact that Plaintiff's motion to vacate the default judgment was untimely. *See* FAC Exh. 1. Moreover, the Denial Ruling explicitly states that "the court need not reach the disputed issue of whether the plaintiff properly substitute served the defendant," which confirms that the state court never reached the merits of Plaintiff's allegation of fraudulent service against ABC. *Id.*

ABC also cites *Bryant v. Gordon & Wong Law Group, P.C.*, 681 F. Supp. 2d 1205 (E.D. Cal. 2010). Mot. at 7. In *Bryant*, the plaintiff argued that the defendant violated the FDCPA by failing to serve him with the summons and complaint of the state court action and garnishing his bank accounts without prior notice. 681 F. Supp. 2d at 1206–07. The court ruled the *Rooker-Feldman* doctrine barred the plaintiff's FDCPA claim because that claim was "inherently challenging" the state court's entry of default. *Id.* at 1208. However, two other district courts in California have found that the holding in *Bryant* "conflicts with the holding in *Kougasian*." *Engelen v. Erin Capital Mgmt.*, No. 10-CV-1125 BEN, 2011 WL 3844587, at *4 (S.D. Cal. Aug.

12

30, 2011); *accord Rubio*, 2015 WL 13650046 at *5. As the *Rubio* court explained, the *Bryant* decision "failed to consider the rule" in *Kougasian* "regarding claims of extrinsic fraud" by incorrectly viewing the plaintiff's action as one challenging the validity of the state court's judgment rather than "as an action against fraudulent conduct that compelled the state court's judgment." *Rubio*, 2015 WL 13650046 at *5. This Court agrees with *Engelen*, *Rubio,* and *Sykes,* which all found that the existence of a prior state court default judgment does not necessarily bar an FDCPA claim alleging fraudulent service under *Rooker-Feldman*.[4]

Because Plaintiff's FDCPA claim does not constitute a de facto appeal from a state court judgment, it is not barred by the *Rooker-Feldman* doctrine. Accordingly, ABC's motion to dismiss Plaintiff's claim on *Rooker-Feldman* grounds is DENIED.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES ABC's Motion to Dismiss Plaintiff's cause of action for violation of 15 U.S.C. § 1692(e).

**IT IS SO ORDERED.**

Dated: June 29, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

---

[4] ABC claims that because the federal causes of action are "inextricably intertwined with the state court's decision," they are barred by *Rooker-Feldman*. However, the *Rooker-Feldman* doctrine's "inextricably intertwined" test applies only where "there is already a forbidden de facto appeal in federal court." *Noel*, 341 F.3d at 1158. Only then does a federal court dismiss claims that are "closely related" to claims that "are themselves barred under *Rooker-Feldman*." *Kougasian*, 359 F.3d at 1142. In the instant case, because Plaintiff's sole claim is not a de facto appeal of a state court judgment, the "inextricably intertwined" test does not apply and therefore cannot bar Plaintiff's claim.