Hunter H. Hoestenbach (CA Bar No. 249130)
**HOESTENBACH LAW**
501 W. Broadway Ste. A230
San Diego, CA 92101-3536
Tel: 619.940.4868 / Fax: 619.330.9654
E-mail: Hunter@HoestenbachLaw.com

Attorney for Defendant
ABC Legal Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE BRITTON,<br><br>                 Plaintiff,<br><br>          vs.<br><br>ABC LEGAL SERVICES, INC.;<br>ET. AL.,<br><br>                 Defendants. | Case No. 5:17-cv-07070-LHK<br><br>ABC'S ANSWER TO THE FIRST AMENDED COMPLAINT<br><br>Judge:      Hon. Lucy H. Koh<br>Ct.:         8<br><br>Hearing:   12/12/18 – 2:00p.m.<br><br>Location:  San Jose Courthouse<br>               280 S. 1st St. Fl. 4<br>               San Jose, CA 95113 |

Defendant ABC LEGAL SERVICES, INC., for itself and no others, answers Plaintiff's first amended complaint ("FAC") as follows:

1.       As answer to paragraph 1, though Plaintiff makes no affirmative allegation regarding ABC's conduct, ABC lacks knowledge or information sufficient to form a belief about the truth of the matters and on that basis denies each and every allegation.

///

**HHH**

2.      As answer to paragraph 2, though Plaintiff makes no affirmative allegation regarding ABC's conduct, ABC lacks knowledge or information sufficient to form a belief about the truth of the matters and on that basis denies each and every allegation.

3.      As answer to paragraph 3, though Plaintiff makes no affirmative allegation regarding ABC's conduct, ABC lacks knowledge or information sufficient to form a belief about the truth of the matters and on that basis denies each and every allegation.

4.      As answer to paragraph 4, though Plaintiff makes no affirmative allegation regarding ABC's conduct, ABC lacks knowledge or information sufficient to form a belief about the truth of the matters and on that basis denies each and every allegation.

5.      As answer to paragraph 5, though Plaintiff makes no affirmative allegation regarding ABC's conduct, ABC lacks knowledge or information sufficient to form a belief about the truth of the matters and on that basis denies each and every allegation.

6.      As answer to paragraph 6, though Plaintiff makes no affirmative allegation regarding ABC's conduct, ABC lacks knowledge or information sufficient to form a belief about the truth of the matters and on that basis denies each and every allegation.

7.      As answer to paragraph 7, ABC admits each and every allegation set forth therein.

8.      As answer to paragraph 8, ABC admits process server John Gonzalez reported two unsuccessful attempts to serve Plaintiff prior to June 14, 2014, but denies each and every remaining allegation set forth therein.

**HHH**

9. As answer to paragraph 9, ABC denies that it created a fraudulent affidavit, but admits that process server John Gonzalez signed a proof of substituted service as described.

10. As answer to paragraph 10, ABC denies each and every allegation set forth therein.

11. As answer to paragraph 11, ABC denies that it created a fraudulent "Declaration of Reasonable Diligence," denies that "[n]o one . . . told ABC's process server that plaintiff 'only' received mail at that address," but admits each and every remaining allegation set forth therein.

12. As answer to paragraph 12, ABC admits each and every allegation set forth therein.

13. As answer to paragraph 13, though Plaintiff makes no affirmative allegation regarding ABC's conduct, ABC lacks knowledge or information sufficient to form a belief about the truth of the matters and on that basis denies each and every allegation.

14. As answer to paragraph 14, though Plaintiff makes no affirmative allegation regarding ABC's conduct, ABC lacks knowledge or information sufficient to form a belief about the truth of the matters and on that basis denies each and every allegation.

15. As answer to paragraph 15, though Plaintiff makes no affirmative allegation regarding ABC's conduct, ABC lacks knowledge or information sufficient to form a belief about the truth of the matters and on that basis denies each and every allegation.

16. As answer to paragraph 16, though Plaintiff makes no affirmative allegation regarding ABC's conduct, ABC lacks knowledge or information

sufficient to form a belief about the truth of the matters and on that basis denies each and every allegation.

17.     As answer to paragraph 17, ABC admits that the Los Angeles Superior Court denied the motion, but denies the court failed to determine the issue of whether ABC's affidavit of service was fraudulent.

18.     As answer to paragraph 18, ABC denies each and every allegation set forth therein.

19.     As answer to paragraph 19, ABC denies each and every allegation set forth therein.

20.     As answer to paragraph 20, ABC denies each and every allegation set forth therein.

21.     As answer to paragraph 21, ABC denies each and every allegation set forth therein.

22.     As answer to paragraph 22, ABC denies each and every allegation set forth therein.

23.     As answer to paragraph 23, ABC admits each and every allegation set forth therein.

24.     As answer to paragraph 24, ABC admits each and every allegation set forth therein.

25.     As answer to paragraph 25, though Plaintiff makes no affirmative allegation regarding ABC's conduct, ABC lacks knowledge or information sufficient to form a belief about the truth of the matters and on that basis denies each and every allegation.

26.     As answer to paragraph 26, though Plaintiff makes no affirmative allegation regarding ABC's conduct, ABC lacks knowledge or information

**HHH**

1    sufficient to form a belief about the truth of the matters and on that basis denies

2    each and every allegation.

3       27.  As answer to paragraph 27, ABC denies each and every allegation set

4    forth therein.

5       28.  As answer to paragraph 28, ABC repeats its answers to paragraphs 1

6    through 27 and incorporates those answers by reference as though fully stated

7    herein.

8       29.  As answer to paragraph 29, though Plaintiff makes no affirmative

9    allegation regarding ABC's conduct, ABC lacks knowledge or information

10   sufficient to form a belief about the truth of the matters and on that basis denies

11   each and every allegation.

12      30.  As answer to paragraph 30, ABC denies each and every allegation set

13   forth therein.

14      31.  As answer to paragraph 31, ABC denies each and every allegation set

15   forth therein.

16      32.  As answer to paragraph 32, ABC denies each and every allegation set

17   forth therein.

18      33.  As answer to paragraph 33, ABC denies each and every allegation set

19   forth therein.

20      ABC denies each and every material allegation not heretofore controverted

21   and demands strict proof thereof.

22   ## 1ST AFFIRMATIVE DEFENSE

23      As a separate affirmative defense, ABC alleges it may not be held liable in

24   any action brought under the FDCPA because any violation of that act was not

25   intentional and resulted from a bona fide error; in that, any mistake on ABC's part

**HHH**

in verifying Plaintiff's residence at the time of service was not intentional because the person who accepted service affirmatively acknowledged that Plaintiff received mail at the residence and ABC has reasonable procedures in place to avoid knowingly attempting or effecting service at incorrect addresses. 15 U.S.C. § 1692k(c).

### 2ND AFFIRMATIVE DEFENSE

As a separate affirmative defense, assuming arguendo that ABC violated the FDCPA, that Plaintiff has proper standing to bring a claim for such violations, and that this Court has jurisdiction over the parties and claims, Plaintiff's statutory penalties cannot be awarded on a per violation basis or on a per defendant basis.

### 3RD AFFIRMATIVE DEFENSE

As a separate affirmative defense, ABC alleges that Plaintiff is barred from any recovery against ABC by the doctrine of laches, because Plaintiff delayed filing suit against ABC, or even giving ABC notice of the alleged falsified proof of service, until after an order was signed in the state court regarding whether or not to set aside the default judgment entered there, an order stemming from a motion to which ABC was given no notice and was thus deprived fair opportunity to be heard.

### 4TH AFFIRMATIVE DEFENSE

As a separate affirmative defense, ABC alleges that if Plaintiff incurred actual damages, Plaintiff, upon information and belief, failed to mitigate said damages. Because Plaintiff failed in his Complaint to specify the actual damages incurred, ABC has been deprived of the opportunity to intelligently respond and hereby requests leave to amend this response upon discovery of the specifics of Plaintiff's alleged actual damages.

1

## 5TH AFFIRMATIVE DEFENSE

2
3
4
5
6
7

As a separate affirmative defense, ABC alleges that if Plaintiff incurred actual damages, ABC's acts or omissions were not a proximate cause of said damages.  Because Plaintiff failed in his Complaint to specify the actual damages incurred, ABC has been deprived of the opportunity to intelligently respond and hereby requests leave to amend this response upon discovery of the specifics of Plaintiff's alleged actual damages.

8

## 6TH AFFIRMATIVE DEFENSE

9
10

As a separate affirmative defense, ABC alleges it cannot be held liable as a process server under the FDCPA. 15 U.S.C. § 1692a(6)(D).

11

## 7TH AFFIRMATIVE DEFENSE

12
13
14
15

As a separate affirmative defense, ABC alleges Plaintiff's causes of action are barred by California's litigation privilege in that ABC's complained of acts, filing a proof of service, were statements made during the course of litigation and were not known by ABC to be false.

16

## 8TH AFFIRMATIVE DEFENSE

17
18
19
20
21

As a separate affirmative defense, ABC alleges it is not liable for an agent's intentional, independent acts not ratified by ABC nor is ABC liable for an agent's frolic to the extent that ABC's agent, process server John Gonzalez, intentionally lied, if at all, about any of the circumstances and events surrounding the service of process in question.

22

## 9TH AFFIRMATIVE DEFENSE

23
24
25

As a separate affirmative defense, ABC alleges it had a good faith belief that service of process had been properly effected and third parties knowingly and intentionally, by way of intentional misrepresentation and/or fraud, induced ABC

**HHH**

into that belief where they affirmatively acknowledged that the service address was Plaintiff's mailing address.

### 10TH AFFIRMATIVE DEFENSE

As a separate affirmative defense, ABC alleges, on the basis of the *Rooker-Feldman* doctrine, that this Court is deprived of jurisdiction to hear this action or review state court judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

### 11TH AFFIRMATIVE DEFENSE

As a separate affirmative defense, ABC alleges, on the basis of collateral estoppel and res judicata, that Plaintiff cannot here re-litigate the issue of sufficiency of process where that issue was prior adjudicated and decided on the merits in the state court proceedings. *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (B.A.P. 9th Cir. 1997); 28 U.S.C. § 1738.

### 12TH AFFIRMATIVE DEFENSE

As a separate affirmative defense, ABC alleges, on the basis of the *Noerr-Pennington* doctrine, that Plaintiff's claims are barred to the extent that this Court cannot construe the FDCPA in such a way that burdens the protections afforded by the First Amendment's Petition Clause.

### 13TH AFFIRMATIVE DEFENSE

As a separate affirmative defense, ABC alleges that Plaintiff's claims are barred by the applicable statute of limitations where Plaintiff knew of his allegation of insufficiency of service of process for more than a year prior to filing this action.

///

**HHH**

Date: <u>September 6, 2018</u>          Respectfully submitted,

**HOESTENBACH LAW**


By: <u>/s/ Hunter H. Hoestenbach</u>
    Hunter H. Hoestenbach (SBN: 249130)
    501 W. Broadway Ste. A230
    San Diego, CA 92101-3536
    Tel: 619.940.4868 / Fax: 619.330.9654
    E-Mail: Hunter@HoestenbachLaw.com

    ATTORNEY FOR ABC